IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMPLOYERS & CEMENT MASONS #90 ) | |
| HEALTH AND WELFARE FUND, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No.  3:15 CV 1291 SMY/RJD |
| ) | |
| HENLEY CONSTRUCTION, LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on the show cause hearing held on January 4, 2017. (Doc. 27.)  This is an action to collect delinquent fringe benefit contributions owed to the Employers & Cement Masons #90 Health and Welfare Fund and Employers and Cement Masons #90 Pension Fund pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1132, and pursuant to the Labor Management Relations Act, 29 U.S.C. § 185.  (Doc. 1.)

On April 28, 2016, the Court found that Plaintiffs' inability to assess the specific amount owed by Defendant warranted an accounting and determined that ERISA authorized the Court to grant such relief.  (Doc. 16.)  The Court ordered Defendant to provide all books, ledgers, payroll records, and other documents pertaining to hours worked by and wages paid to its employees from April 1, 2014, to the present day no later than May 27, 2016.   (*Id.*)   On July 5, 2016, Plaintiffs filed a motion to compel, stating that they served the order on Defendant but that Defendant refused to comply with the order despite substantial efforts to communicate with Defendant and to coordinate an audit.  (Doc. 18.)  On October 13, 2016, the Court ordered Defendant to show cause by November 18, 2016, as to why it should not be sanctioned for

failure to comply with the previous order.  (Doc. 21.)  The Court also ordered Plaintiffs to serve the show cause order on Plaintiff and to file notice of service thereafter.  (*Id.*)  On November 18, 2016, Plaintiffs filed an affidavit of service, indicating that the show cause order had been sent by regular mail and by certified mail to Jesse J. Henley, the principal officer and registered agent of the defendant limited liability company.[1]  (Doc. 23.)  On November 30, 2016, because of the continued refusal to submit to an audit, the Court set a show cause hearing for January 4, 2017 and ordered Jesse J. Henley to appear in person with the payroll records.  (Docs. 24, 25.)  The Court also sent Jesse J. Henley the order by mail as well as the orders from April 29, 2016, and October 13, 2016.  (Docs. 16, 21, 25.)

On January 4, 2017, Jesse J. Henley failed to appear for the show cause hearing, and Plaintiffs requested a writ for a body attachment[2] as a civil contempt remedy.  A court "may impose sanctions for civil contempt to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy."  *United States v. Berg*, 20 F.3d 304, 311 (7th Cir. 1994).  A court may impose civil contempt sanctions if there is "evidence that a party has willfully refused to comply with a court order, or evidence that a party was not reasonably diligent in carrying out the terms of the court order."  *Bailey v. Roob*, 567 F.3d 930, 935 (7th Cir. 2009).  "[O]rdinarily a court may find a nonparty in contempt if that person has actual knowledge of the court order and either abets the party named in the court order or is legally identified with him."  *Stotler & Co. v. Able*, 870 F.2d 1158, 1164 (7th Cir. 1989).

---

[1] Plaintiffs note that the certified mail postcard – which would indicate whether Jesse J. Henley actually received the order sent by certified mail – has not been returned.  However, there is nothing to suggest that Jesse J. Henley did not receive the order sent by regular mail.

[2] A writ of body attachment is a process issued by the court directing the U.S. Marshal to bring a person who has been found in civil contempt (the contemnor) before the court.  U.S. Marshals, https://www.usmarshals.gov/process/body-attachment.htm (last visited on January 4, 2017).  The writ is served by the U.S. Marshal or by a Deputy U.S. Marshal and is accomplished by taking the contemnor into custody and bringing the individual before the court without undue delay.  *Id.*

In consideration of the actual knowledge requirement, the request for a writ for a body attachment is deferred.  As noted above, the Court mailed the order from November 30, 2016, to Jesse J. Henley.  However, to satisfy due process concerns, the Court requires further evidence that Jesse J. Henley in fact received a copy of an order before issuing contempt sanctions.  Therefore, the Court will order Jesse J. Henley's appearance for a second hearing and service of this Order as well as the orders discussed above.

In light of the foregoing, Jesse J. Henley is ORDERED to appear in person before Magistrate Judge Reona J. Daly in the Benton Courthouse for the United Stated District Court in the Southern District of Illinois at 9:00 a.m., on January 18, 2017, and have in his possession all books, ledgers, payroll records, and other documents pertaining to hours worked by and wages paid to Defendant Henley Construction, LLC's employees from April 1, 2014, to the present day.  At the hearing, Plaintiff shall further explain why he, as Defendant Henley Construction, LLC's principal officer and registered agent, should not be sanctioned for failure to comply with the Orders from April 28, 2016, October 13, 2016, and November 30, 2016.  Plaintiffs are directed to serve Jesse J. Henley with a copy of this Order as well as copies of the Orders from April 28, 2016, October 13, 2016, and November 30, 2016, and to file proof of service with the Court.  **Jesse J. Henley is WARNED that the Court will issue a writ for a body attachment if he fails to comply with this Order.**

SO ORDERED.

DATED:  <u>January 4, 2017.</u>

<u>s/        Reona J. Daly            </u>
**UNITED STATES MAGISTRATE JUDGE**
